# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | |
|---|---|
| **DAVID W. NANCE &** ) | |
| **PRISCILLA LYNN NANCE** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 1:12-cv-01064 |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO
## THE UNITED STATES' MOTION TO DISMISS

Frank N. Stockdale Carney (# 9384)
L. Clayton Culpepper (# 23583)
Evans | Petree PC
1000 Ridgeway Loop Rd., Suite 200
Memphis, TN 38120
fcarney@evanspetree.com
cculpepper@evanspetree.com
(901) 525-6781

*Counsel for Plaintiffs David W. Nance &
Priscilla Lynn Nance*

# TABLE OF CONTENTS

                                                                                                  **Page**

TABLE OF CONTENTS……………………………………….……………..…i

TABLE OF AUTHORITIES………………………………………………….....ii

INTRODUCTION………………………………………………………………….1

STATEMENT OF THE CASE……………………………………………………1

STANDARD OF REVIEW……………………………………………….………1

ARGUMENT……………………………………………………………………..…..2

I.      THE TERMS OF LETTER 3679 AND THE CLOSING AGREEMENT,
AS WELL AS DISCUSSIONS WITH THE IRS REVENUE AGENT SUPPORT
PLAINTIFFS' POSITION THAT THE FILING OF THE 2003 FORM 3520-A
WAS PART OF THE AGREEMENT REACHED PURSUANT TO THE
IRS'S OFFSHORE VOLUNTARY COMPLIANCE INITIATIVE…………………...2

II.     THE PLAINTIFFS HAVE PROPERLY ALLEGED FACTS IN THEIR
AMENDED COMPLAINT TO SHOW ALL MATERIALS REQUIREMENTS FOR
RECOVERY UNDER THE THEORY OF REASONABLE CAUSE EXIST………...5

CONCLUSION……………………………………………………………………9

## TABLE OF AUTHORITIES

### Cases

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)……………………………….. 1, 8

Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)………………………………. 1

Neitzke v. Williams, 490 U.S. 319 (1989)……………………………………………. 1

Papasan v. Allain, 478 U.S. 265 (1986)……………………………………………. 1

U.S. v. Boyle, 469 U.S. 241 (1985)…………………………………………………… 7, 11

Scheuer v. Rhodes, 416 U.S. 232 (1974)……………………………………………. 1

Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944)………………………………. 11

McMahan v. Commissioner, 114 F.3d 366 (2d Cir. 1997)……………………………. 10

Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247 (7th Cir. 1994)……………………………………………………………………….. 1

Fleming v. U.S., 648 F.2d 1122 (7th Cir. 1981)…………………………………… 7

U.S. v. Kroll, 547 F.2d 393 (7th Cir. 1977)………………………………………. 11

Ferrando v. U.S., 245 F.2d 582 (9th Cir. 1957)……………………………………. 7

Commissioner v. American Assn. of Engineers Employment, Inc., 204 F.2d 19 (7th Cir. 1953)……………………………………………………………………….. 11

Burton Swartz Land Corp. v. Commissioner, 198 F.2d 558 (5th Cir. 1952)……….. 11

Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769 (2d Cir. 1950)…………………………………………………………………………. 7, 11

Orient Investment & Finance Co. v. Commissioner, 166 F.2d 601 (D.C. Cir. 1948)……………………………………………………………………….…… 7, 11

Hatfried, Inc. v. Commissioner, 162 F.2d 628 (3d Cir. 1947)………………..…… 7, 11

Southeastern Finance Co. v. Commissioner, 153 F.2d 205 (5th Cir. 1946)………….. 7

Girard Investment Co. v. Commissioner, 122 F.2d 843 (3d Cir. 1941)………..…… 7, 8

Dayton Bronze Bearing Co. v. Gilligan, 281 F. 709 (6th Cir. 1922)…………………  11

Estate of Liftin v. U.S., 101 Fed. Cl. 604 (U.S. Ct. of Fed. Cl. 2011)………………  10

Starnes Family Office, LLC v. McCullar, Nos. 10-2186 & 11-2262, 2011 WL 3862333 (W.D. Tenn. Sept. 1, 2011)……………………………….………  5

Janice Leather Imports Ltd. v. U.S., 391 F.Supp. 1235 (S.D.N.Y. 1974)……..……  7

Gemological Institute of America, Inc. v. Riddell, 149 F.Supp. 128 (S.D. Cal. 1957)………………………………………………………….………..  7

Allstate Ins. Co. v. Watson, 195 S.W.3d 609 (Tenn. 2006)……………..………….  5

**Statutes**

26 U.S.C. §6035………………………………………………………………….  4

26 U.S.C. §6038………………………………………………………….……….  4

26 U.S.C. §6038A……………………………………………………..………….  4

26 U.S.C. §6038B………………………………………………………..………  4

26 U.S.C. §6038C……………………………………………………….………  4

26 U.S.C. §6039F………………………………………………..……………..  4

26 U.S.C. §6046………………………………………………………….……….  4

26 U.S.C. §6046A………………………………………………………..……..  4

26 U.S.C. §6048………………………………………………………………..  4, 7

26 U.S.C. §6677……………………………………………………….………….  7

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(6)………………………………………………………………  1, 11

26 C.F.R. §301.6651(c)(1)………………………………..…………………..  7

**Other Materials**

5 C. Wright & A. Miller, Federal Practice & Procedure §1216 (3d ed. 2004)………….  1

## INTRODUCTION AND STATEMENT OF THE CASE

The Plaintiffs hereby incorporate by reference the facts as stated in their Amended Complaint filed on August 29, 2012.

## STANDARD OF REVIEW

The U.S. Supreme Court has previously addressed the standard of review for a motion to dismiss in Bell Atl. Corp. v. Twombly:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (footnotes omitted).

## ARGUMENT

I. THE TERMS OF LETTER 3679 AND THE CLOSING AGREEMENT, AS WELL AS DISCUSSIONS WITH THE IRS REVENUE AGENT SUPPORT PLAINTIFFS' POSITION THAT THE FILING OF THE 2003 FORM 3520-A WAS PART OF THE AGREEMENT REACHED PURSUANT TO THE IRS'S OFFSHORE VOLUNTARY COMPLIANCE INITIATIVE

In late 2003, the Plaintiffs received Letter 3679 (dated November 25, 2003) regarding the Voluntary Compliance Initiative ("VCI") which was available to them with respect to their foreign transactions. (Amended Complaint ¶¶33-34; Exh. A). Letter 3679 explained to the

1

Plaintiffs that the VCI provided participating taxpayers an opportunity to avoid certain penalties that would otherwise apply, including penalties for failure to file forms required by IRC §6048 which relates to penalties for failing to file Form 3520-A and penalties for failing to report foreign bank accounts. (Amended Complaint ¶34; Exh. A). Specifically, Letter 3679 warrants the following:

> Additionally, we will not impose information return civil penalties for failure to comply with IRC section 6035, 6038, 6038A, 6038B, 6038C, 6039F, 6046, 6046A, and 6048, if you file delinquent or amended information returns. (emphasis added). (Amended Compl. Exh. A).

Letter 3679 goes further to warrant that the VCI pertains to years ending after December 31, 1998, which would include the year ending December 31, 2003. (Amended Complaint ¶35; Exh. A). Though counsel for the United States suggests that the offer in Letter 3679 could not apply to 2003 because that tax period had not yet concluded when Letter 3679 was sent, nothing in Letter 3679 indicates that 2003 or any other future tax periods could not be covered by the VCI. Rather, Letter 3679 discusses inclusion of additional earlier tax periods. Specifically, Letter 3679 provides the following:

> Although this offer pertains to years ending after December 31, 1998, we reserve the right to examine prior years (but no earlier than years ending after December 31, 1995) if the information you produce indicates substantial non-compliance in those years. If you wish to include such earlier years in your submission, the Service will limit any penalties in such years to the accuracy related or delinquency penalties, as appropriate. (Amended Compl. Exh. A).

In an attempt to resolve all tax issues related to the offshore activities the Plaintiffs engaged in, the Plaintiffs exercised this option to include earlier years and sought to include tax years ending December 31, 1997 and December 31, 1998. (See Amended Compl. Exh. C).

Finally, Letter 3679 warranted that, upon the Plaintiffs' compliance, civil penalties for violations involving Reports of Foreign Bank and Financial Accounts (FBAR) would be imposed for only one year. (Amended Complaint ¶47; Exh. A).

The Plaintiffs immediately after receiving Letter 3679 in November 2003 sought the assistance of their accountant, Thomas Shelton. (Amended Complaint ¶36). On December 8, 2003, Mr. Shelton was given a Form 2848 power of attorney to discuss their relevant tax matters with the IRS. (Amended Complaint ¶¶37). In addition to seeking assistance from Mr. Shelton, on March 18, 2004, the Plaintiffs engaged an attorney, Mr. Frank Stockdale Carney, to assist in discussions with the IRS and gave Mr. Carney a Form 2848 to discuss their relevant tax matters with the IRS. (Amended Complaint ¶38; Exh. G). By letter dated March 24, 2004, Mr. Carney provided Elysia A. Wilcox with the IRS a copy of such Form 2848 and explained that he was working with the Plaintiffs on their response to Ms. Wilcox's letter asking questions concerning the Plaintiffs' offshore payment cards and financial arrangements. (Amended Complaint ¶38; Exh. G). Mr. Carney followed up this correspondence with another letter dated April 9, 2004, written to Ms. Wilcox. Such letter from Mr. Carney provides Ms. Wilcox the facts and circumstances of the Plaintiffs' offshore transactions and seeks to begin the process of filing all necessary returns and amended returns to comply with the VCI. (Amended Complaint ¶39; Exh. H).

Upon assignment of the Revenue Agent, Janet Cunningham, to the Plaintiffs' case, Mr. Carney made first contact with Ms. Cunningham on May 24, 2004. (Amended Complaint ¶40). In response to this conversation, Mr. Carney sent Ms. Cunningham a letter[1] which states: "As

---

[1] Although this letter was dated April 9, 2004, it is believed this was incorrectly dated since later in the letter Mr. Carney states that he will be on vacation for the "next two weeks" and that he will return on June 21. Therefore, it is believed that this letter was sent in early June 2004.

you and I discussed, there may be some informational returns, such as reports in IRC sections 6035, 6038, 6038A, 6038B, 6038C, 6039F, 6046, 6046A, and/or 6048[2], that should have been filed in the past in connection with the foreign bank accounts.  At this time, the Nances no longer maintain any of the foreign bank accounts.  You mentioned that in your review you would determine whether these informational returns are now moot and we do not need to file those, or whether you want us to file any of those applicable returns.  As I confirmed, if you feel you need us to file the applicable information returns, please let me know and we will prepare those returns."  (Amended Complaint ¶40; Exh. I).

      Mr. Carney met with Ms. Cunningham on July 2, 2004.  (Amended Complaint ¶42).  At such meeting, Mr. Carney and Ms. Cunningham discussed the remaining returns and amended returns that would be required.  (Amended Complaint ¶42).  Mr. Carney took notes from such meeting, noting that the Plaintiffs would need to file a Form 3520-A for the years 1997 through 2004 (stating that 2004 would be the final return).  (Amended Complaint ¶42; Exh. J).

      By letter dated November 4, 2004, Mr. Carney then submitted to Ms. Cunningham Forms 3520, 3520-A, 5472, and TD F 90-22.1 for the years 1997 through 2003.  (Amended Complaint ¶43; Exh. K).  As stated in Mr. Carney's letter, this submission was "[i]n response to [Ms. Cunningham's] request at [Mr. Carney's and Ms. Cunningham's] last conference for additional information and reporting returns…."  (Amended Complaint ¶43; Exh. K).  According to FedEx tracking records, this was received by November 5, 2004.  (Amended Complaint ¶43).  The filing of the 2003 Form 3520-A with Ms. Cunningham was pursuant to Ms. Cunningham's request.  (Amended Complaint ¶43; Exh. K).  Had the Plaintiffs not been involved in the Voluntary Compliance Initiative, they would have been required, per the instructions for the

---

[2]    The annual reporting requirement for filing Form 3520-A is found in IRC §6048(b).

4

2003 Form 3520-A, to file the 2003 Form 3520-A with the IRS Center located in Philadelphia, PA 19255.  (Amended Complaint ¶43; Exh. K).

While it is true that the Closing Agreement entered into between the Plaintiffs and the Commissioner of Internal Revenue does not specifically mention information returns for 2003, the fact that the Plaintiffs worked with their attorney, Mr. Carney, the IRS representative, Ms. Wilcox, and the IRS Revenue Agent, Ms. Cunningham, starting in late 2003 and 2004 to meet all filing requirements, that they had filed all requested information returns, including Form 3520-A for 2003, that Letter 3679 warranted it applied to all periods after December 31, 1998, and could include prior periods, and that the Closing Agreement states that it is final and conclusive except "if it relates to a tax period ending after the date of this agreement," all lead to the conclusion that calendar year 2003 was part of the agreement entered into between the Plaintiffs and the IRS to conclude all compliance issues relating to filing information returns such as the Form 3520-A.  Further, Plaintiffs submit that the income tax return for 2003 was not mentioned in the Closing Agreement because the 1040 for 2003 was timely filed and income for 2003 was properly reported.  Therefore, there would be no reason to mention the 2003 income tax return in the Closing Agreement.  At a minimum, because there appears to be an ambiguity as to whether the Closing Agreement applies only to tax years 1997-2002 or all tax years other than those ending after the date of the Agreement, this Court is permitted to consider parol evidence, including the contracting parties' conduct or Letter 3679, to guide the Court in construing the Closing Agreement.  <u>Starnes Family Office, LLC v. McCullar</u>, Nos. 10-2186 & 11-2262, 2011 WL 3862333 (W.D. Tenn. Sept. 1, 2011) (citing <u>Allstate Ins. Co. v. Watson</u>, 195 S.W.3d 609, 611 (Tenn. 2006)) (copy attached).

Further, Ms. Cunningham requested the Plaintiffs, through discussions with Plaintiffs' attorney, Mr. Carney, to submit the 2003 Form 3520-A with all other Form 3520-As filed with Ms. Cunningham. The instructions for the 2003 Form 3520-A indicate that such Form should be filed with the Internal Revenue Service Center, Philadelphia, PA 19255. Instead, in response to Ms. Cunningham's request (See Amended Complaint Exh. K), the Plaintiffs filed the 2003 Form 3520-A with Ms. Cunningham at her office in Nashville, Tennessee. This was further indication to the Plaintiffs that the agreement to be reached with the IRS encompassed tax period 2003, in addition to 1997-2002.

Given the allegations in the Amended Complaint filed by the Plaintiffs, as well as the Exhibits attached thereto including Letter 3679, the Closing Agreement, and the letters written by Mr. Carney to Ms. Wilcox and Ms. Cunningham, this Court can properly grant the Plaintiffs relief in the form of interpreting such Closing Agreement and Letter 3679, as well as representations from Ms. Cunningham, as an agreement conclusive as to information returns for 2003. Nothing in the Closing Agreement prohibits any other supporting documentation from being considered and there does not appear to be any "merger" or "integration" clause foreclosing the consideration of the terms of Letter 3679 and the Plaintiffs' conduct vis-à-vis the Revenue Agent, Ms. Cunningham.

II.   THE PLAINTIFFS HAVE PROPERLY ALLEGED FACTS, EITHER DIRECTLY OR INFERENTIALLY, IN THEIR AMENDED COMPLAINT TO SHOW ALL MATERIAL REQUIREMENTS FOR RECOVERY UNDER THE THEORY OF REASONABLE CAUSE EXIST

After receiving Letter 3679 in November 2003 and engaging an accountant and tax attorney shortly afterward, the Plaintiffs began to discuss with an IRS Revenue Agent, Ms. Janet Cunningham, the returns and amended returns they would be required to file. One of the information returns the Plaintiffs were required to file given the offshore transactions they

6

engaged in was Form 3520-A. Such information return is required to be filed by IRC §6048. In the event any form required to be filed by IRC §6048 is not timely filed (or does not include all required information), IRC §6677(a) imposes a penalty on that taxpayer for failure to timely (or fully) file such information return and instructs how to calculate that penalty. IRC §6677(d) provides taxpayers with the possibility for relief. Specifically, it provides that "[n]o penalty shall be imposed by this section on any failure which is shown to be due to reasonable cause and not due to willful neglect." There are only two elements the Plaintiffs must demonstrate to obtain relief from this Court (and, therefore, only two elements that the Plaintiffs must allege in their Complaint to successfully oppose the Defendant's motion to dismiss): (1) the Plaintiffs' failure to timely file the 2003 Form 3520-A did not result from "willful neglect" and (2) that the Plaintiffs' failure was due to "reasonable cause."

"Willful neglect" has been interpreted by federal courts to mean a "conscious, intentional failure or reckless indifference." U.S. v. Boyle, 469 U.S. 241, 245 (1985) (citing Orient Investment & Finance Co. v. Commissioner, 83 U.S.App.D.C. 74, 75, 166 F.2d 601, 602 (D.C. Cir. 1948); Hatfried, Inc. v. Commissioner, 162 F.2d 628, 634 (3d Cir. 1947); Janice Leather Imports Ltd. v. United States, 391 F.Supp. 1235, 1237 (S.D.N.Y. 1974); Gemological Institute of America, Inc. v. Riddell, 149 F.Supp. 128, 131-132 (S.D. Cal. 1957)). "Reasonable cause" has been interpreted to require that a taxpayer exercise "ordinary business care and prudence" but was "unable to file the return within the prescribed time." Id. at 246 (citing 26 CFR § 301.6651(c)(1) (1984); Fleming v. United States, 648 F.2d 1122, 1124 (7th Cir. 1981); Ferrando v. United States, 245 F.2d 582, 587 (9th Cir. 1957); Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769, 770 (2nd Cir. 1950); Southeastern Finance Co. v. Commissioner, 153 F.2d 205 (5th Cir. 1946); Girard Investment Co. v. Commissioner, 122 F.2d 843, 848 (3d

Cir. 1941)).  As noted above, since this is a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  Twombly, 550 U.S. at 555-56.

First, this Court is being asked to answer the question of whether the Plaintiffs have alleged sufficient facts which, if taken as true, support the allegation that their failure to timely file the 2003 Form 3520-A was not due to "willful neglect" or a "conscious, intentional failure or reckless indifference."  As noted in the Amended Complaint, in 1997, the Plaintiffs engaged in offshore transactions upon the recommendation of their attorney at the time, Mr. Robert Bly. (Amended Complaint ¶¶17-18, 30).  Mr. Bly assured the Plaintiffs at the time that the offshore transactions were legitimate.  (Amended Complaint ¶29).  Two years later, in 1999, Mr. Bly indicated to the Plaintiffs that these offshore transactions might no longer be valid tax transactions.  (Amended Complaint ¶30).  Mr. Bly did not mention to Plaintiffs in 1999 that they would be required to file any information returns or that the offshore transactions would need to be recharacterized, only that the accounts might no longer generate the tax savings Mr. Bly had earlier advised.  (Amended Complaint ¶¶30, 50).  After their conversation with Mr. Bly in 1999, the Plaintiffs ceased all transfers of funds to any offshore entities.  (Amended Complaint ¶30). Mr. Bly did not indicate that the Plaintiffs needed to report any transactions to the IRS or take any other action with respect to the prior offshore transactions and the Plaintiffs relied upon the advice of Mr. Bly, their attorney.  (Amended Complaint ¶31).  The Plaintiffs received no more information related to the offshore transactions until they received Letter 3679 in November 2003.  (Amended Complaint ¶¶33, 50).

Upon receiving Letter 3679 and being presented with information stating that there were certain information returns required to be filed relating to their offshore transactions, the

8

Plaintiffs immediately sought advice from their accountant, and shortly afterward, from their attorney. (Amended Complaint ¶¶36-38). This fact alone should demonstrate to the Court that the Plaintiffs' failure to file the 2003 Form 3520-A on time was not due to "willful neglect." There was no conscious, intentional failure or even a reckless indifference to file the information returns they needed to file. On the contrary, the Plaintiffs immediately sought advice and counsel from their tax advisors. (Amended Complaint ¶¶36-38). Once they had engaged their accountant and legal counsel, these tax advisors opened the dialogue with Ms. Wilcox and Ms. Cunningham of the IRS and worked with them to file amended returns and information returns during 2004, including the 2003 Form 3520-A. (Amended Complaint ¶¶38-43).

Second, this Court is asked to determine if the Plaintiffs have alleged sufficient facts in their Amended Complaint to support the allegation that their failure to timely file the 2003 Form 3520-A was due to "reasonable cause," meaning that the Plaintiffs acted with ordinary business care and prudence. If this Court must take as true that the Plaintiffs (1) received incorrect advice from their former attorney, Mr. Bly, (2) had no knowledge of any information returns that should have been filed with respect to the offshore transactions (Amended Complaint ¶50) and (3) were unaware of any requirement to file information returns such as Form 3520-A until after they received Letter 3679 in November 2003 and began working with an IRS Revenue Agent in 2004 (Amended Complaint ¶50), the Plaintiffs would ask this question: if seeking the advice and counsel of their accountant and attorney immediately upon receiving Letter 3679 is not the exercise of <u>ordinary</u> (not Herculean) business care and prudence, what actions would constitute ordinary care and prudence? Once the Plaintiffs had engaged their accountant and attorney to contact an IRS Revenue Agent to begin the process of determining what returns were required to

9

be filed for all years in order to fully comply and their accountant and attorney did so, what more could they do?

Until the Plaintiffs received Letter 3679 in November 2003 and had engaged an accountant and an attorney to assist them with compliance in the Offshore Voluntary Compliance Initiative, they were erroneously advised by Mr. Bly as to how to report those transactions and in the dark about any information returns required.  The fact that the Plaintiffs had engaged an accountant and an attorney to assist them with that process can only be classified as the exercise of <u>ordinary</u> business care and prudence.

The Plaintiffs' failure to act and timely file the 2003 Form 3520-A after they had received either incorrect or no legal advice from Mr. Bly does not "beggar belief" as the Defendant suggests.  Their failure to file the 2003 Form 3520-A by March 15, 2004, on or about the time they had engaged their attorney to contact the IRS about resolving all issues related to their offshore transactions, does not "beggar belief."  Rather, it is precisely the reason that the "reasonable cause" provision exists.  <u>See</u> <u>McMahan v. Commissioner</u>, 114 F.3d 366, 369 (2nd Cir. 1997) ("Some circumstances that are considered to constitute reasonable cause have been identified.  Generally they arise as a result of factors beyond a taxpayer's power to control, for example…reliance on the erroneous advice of an IRS officer or employee.  *See* Internal Revenue Manual (CCH) §4562.2 (Feb. 25, 1987).  In addition, reliance on a mistaken legal opinion of a competent tax adviser-a lawyer or accountant-that it was unnecessary to file a return constitutes reasonable cause."); <u>see also</u> <u>Estate of Liftin v. U.S.</u>, 101 Fed. Cl. 604, 608 (U.S. Ct. of Fed. Cl. 2011) ("Reasonable cause may exist when a taxpayer files a return after the due date, but does so in reliance on an expert's erroneous advice.").  With respect to reasonable cause, the U.S. Supreme Court has previously stated:

Courts have frequently held that "reasonable cause" is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a return, even when such advice turned out to have been mistaken. See, *e.g., United States v. Kroll,* 547 F.2d 393, 395-396 (CA7 1977); *Commissioner v. American Assn. of Engineers Employment, Inc.,* 204 F.2d 19, 21 (CA7 1953); *Burton Swartz Land Corp. v. Commissioner,* 198 F.2d 558, 560 (CA5 1952); *Haywood Lumber & Mining Co. v. Commissioner,* 178 F.2d, at 771; *Orient Investment & Finance Co. v. Commissioner,* 83 U.S.App.D.C., at 75, 166 F.2d, at 603; *Hatfried, Inc. v. Commissioner,* 162 F.2d, at 633-635; *Girard Investment Co. v. Commissioner,* 122 F.2d, at 848; *Dayton Bronze Bearing Co. v. Gilligan,* 281 Fed. 709, 712 (CA6 1922). This Court also has implied that, in such a situation, reliance on the opinion of a tax adviser may constitute reasonable cause for failure to file a return. See *Commissioner v. Lane-Wells Co.,* 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684 (1944) (remanding for determination whether failure to file return was due to reasonable cause, when taxpayer was advised that filing was not required).

When an accountant or attorney *advises* a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant or attorney. To require the taxpayer to challenge the attorney, to seek a "second opinion," or to try to monitor counsel on the provisions of the Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place. See *Haywood Lumber, supra,* at 771. "Ordinary business care and prudence" do not demand such actions.

United States v. Boyle, 469 U.S. 241, 250-51, 105 S. Ct. 687, 692-93, 83 L. Ed. 2d 622 (1985) (citations omitted). The Plaintiffs' prior reliance upon Mr. Bly gave them "reasonable cause" for failing to timely file the 2003 Form 3520-A and their engagement of Mr. Shelton, their accountant, and Mr. Carney, their attorney, to resolve these matters with the IRS cannot be said to constitute "willful neglect." Therefore, the Plaintiffs submit that this Court should properly deny the Defendant's motion to dismiss on the basis that the Plaintiffs have failed to allege facts which would entitle them to relief.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the Plaintiffs' Amended Complaint under Fed. R. Civ. P. 12(b)(6) should be denied.

Respectfully submitted,

s/L. Clayton Culpepper III
FRANK STOCKDALE CARNEY (BPR#9384)
L. CLAYTON CULPEPPER (BPR#23583)
Evans | Petree PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120
fcarney@evanspetree.com
cculpepper@evanspetree.com
(901) 525-6781

*Counsel for Plaintiffs David W. Nance &
Priscilla Lynn Nance*

### CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document has been made on November 19, 2012 by ECF filing and served thereby on interested parties registered with the system, and by placing a true and correct copy of the document in the U.S. Mail, postage prepaid, addressed as follows:

Christopher J. Williamson
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044


s/L. Clayton Culpepper III